UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.: 2:22-cr-67-SPC-KCD

MARVIN HARRIS, JR.

### ORDER[1]

Before the Court is Defendant Marvin Harris, Jr.'s Motion to Dismiss (Doc. 59), and the Government's Response in Opposition (Doc. 66). The Court denies Harris' motion.

Harris was indicted on two counts, both in violation of 18 U.S.C. § 1958(a). Count 1 charges Harris with conspiring to travel, or cause another to travel, in interstate commerce with the intent to commit murder for a promise and agreement to pay money or other items of pecuniary value ("murder-for-hire"). (Doc. 1). Count 2 charges Harris with traveling, or causing another to travel, in interstate commerce with the intent to commit murder-for-hire. (Doc. 1). In sum, Harris is charged with both conspiracy to commit interstate murder-for-hire and interstate murder-for-hire.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

Harris argues his indictment should be dismissed[2] for two reasons. First, Harris alleges it fails to state an offense because "it alleges criminality without alleging a necessary *actus reus*." (Doc. 59 at 11). Included in this argument is that Counts 1 and 2 violate Harris' due process rights and rights against cruel and unusual punishment. (Doc. 59). Second, Harris argues Count 1 and Count 2 are multiplicitous in violation of the Fifth Amendment's Double Jeopardy Clause. (Doc. 59). The Court is unpersuaded by either argument.

As best the Court can tell, Harris' first argument can be summarized as follows. A criminal offense must have an *actus reus* element. And there is either no *actus reus* in 18 U.S.C. § 1958(a) or an *actus reus* that criminalizes the constitutional rights to free speech and travel. This isn't so. The *actus reus* in 18 U.S.C. § 1958(a) in Harris' case is: (1) conspiring to cause another to travel with intent to commit murder and (2) actually causing another to travel with intent to commit murder. No one questions Harris' general rights to free speech and travel, but they are not without limits. *See Rewis v. United States, 401 U.S. 808, 813 (1971)* (finding courts have correctly applied statute criminalizing interstate travel in aid of racketeering enterprises); *United States v. Fleury*, 20 F.4th 1353, 1358 (11th Cir. 2021) ("The Supreme Court has

---

[2] Harris first argues either Count 1 or Count 2 should be dismissed because they are multiplicitous and Count 2 should be dismissed because it fails to state an offense. (Doc. 59 at 11). That potentially still leaves Count 1. But elsewhere in his motion, Harris states dismissal of both counts is warranted. (Doc. 59 at 32, 46). Given this ambiguity, the Court will read Harris' motion in the broadest sense as attacking all indictment counts.

long recognized certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem.  Among these categories are…speech integral to criminal conduct.") (cleaned up).  One can be criminalized for traveling or communicating with certain purposes, including with intent to commit murder. *Id.*  While Harris tries, he cannot divorce the travel or communication from "intent to commit murder."

Turning to Harris' second argument, the Court finds Count 1's conspiracy to commit murder-for-hire and Count 2's substantive murder-for-hire are not multiplicitous.  An indictment is multiplicitous if it charges a single offense in more than one count. *United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008).  Such a multiplicitous indictment violates the principles of double jeopardy because it gives the jury numerous opportunities to convict the defendant for the same offense. *Id.*  "[C]harges in an indictment are not multiplicitous if the charges differ by even a single element or alleged fact." *United States v. Woods*, 684 F.3d 1045, 1060 (11th Cir. 2012); *see also Blockburger v. United States*, 284 U.S. 299, 304 (1932)*; Williams*, 527 F.3d at 1240.

Though similar, the crimes of conspiracy to commit murder-for-hire and substantive murder-for-hire are distinct. *United States v. Gomez*, 644 F. Supp. 2d 362, 367 (S.D.N.Y. 2009) (finding charging conspiracy to commit murder-

3

for-hire and substantive murder-for-hire in violation of 18 U.S.C. § 1958 is not multiplicitous); *Plunkett v. United States*, No. 4:04-CR-70083, 2011 WL 2199174, at *8 (W.D. Va. June 6, 2011) (same); *United States v. Bicaksiz*, 194 F.3d 390, 394 (2d Cir. 1999) ("§ 1958 criminalizes both substantive offenses and conspiracy, without any specific language precluding cumulative punishment of a defendant…who commits both."). One crime may be committed without the other, as each requires the satisfaction of a separate element. Conspiracy to commit murder-for-hire does not require the substantive crime of murder-for-hire to occur. It simply requires that a conspiracy to travel, or conspiracy to cause another to travel, to commit murder-for-hire be formed, and that the defendant be a member of the conspiracy. The substantive crime of murder-for-hire, on the other hand, requires actual travel, or causing another to travel, with the intent to commit murder-for-hire. So Counts 1 and 2 of Harris' indictment are not multiplicitous.

Accordingly, it is now **ORDERED:**

Defendant Marvin Harris, Jr.'s Motion to Dismiss (Doc. 59) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on December 14, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

4